Leonard Benowich (LB-6129)
BENOWICH LAW, LLP
1025 Westchester Avenue
White Plains, New York 10604
(914) 946-2400

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

THOMAS DECHIARO,                            08 Civ. 1199 (CLB)

                Plaintiff,

  -against-

D&S CONSULTING, INC. and
STEVEN DECHIARO,

                Defendants.

------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO
<u>DISMISS THE COMPLAINT AND COMPEL ARBITRATION</u>**

# Table of Contents

|  | Page |
|---|---|
| Preliminary Statement | 1 |
| Background Facts; Procedural History | 4 |
| Argument | 5 |
| Point I | 5 |
| THE EMPLOYMENT AGREEMENT DOES NOT CONTAIN A MANDATORY ARBITRATION CLAUSE AND COUNTS 1 AND II ARE NOT SUBJECT TO ARBITRATION | 5 |
| Point II | 11 |
| EVEN IF COUNTS III AND IV ARE SUBJECT TO ARBITRATION, DEFENDANTS MUST COMMENCE THAT ARBITRATION | 11 |
| Point III | 12 |
| LITIGATION OF COUNTS I AND II SHOULD NOT BE STAYED PENDING ARBITRATION OF COUNTS III AND IV | 12 |
| Conclusion | 14 |

# Table of Authorities

**Cases** — **Page**

AT&T Technologies, Inc. v. Comm. Workers of America, 475 U.S. 643 (1986) — 5

Bloom v. Jersey City Mun. Utilities Auth., 2008 WL 360986 (D.N.Y. Feb 8, 2008) — 7

Brown v. Miguens, 2003 WL 1090304 (S.D.N.Y. March 11, 2003) — 5, 12

Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213 (1985) — 6, 12

DeSola Group, Inc. v. Coors Brewing Co., 605 N.Y.S.2d 83 (1st Dep't 1993) — 10

First Options of Chicago v. Kaplan, 514 U.S. 938 (1995) — 5

Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840 (2nd Cir 1987) — 13

HSBC Bank USA v. National Equity Corp., 719 N.Y.S.2d 20 (1st Dep't 2001) — 11, 13

In re Salomon, Inc. Shareholders Derivative Litigation, 68 F.3d 554 (2d Cir. 1995) — 5

Kanoff v. Better Life Renting Corp., 2008 WL 442145 (D.N.Y. Feb. 14, 2008) — 7

Kreiss v. McCown DeLeeuw & Co., 37 F. Supp. 2d 294 (S.D.N.Y. 1999) — 10

Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20 (2d Cir. 1995) — 9

Leodori v. CIGNA Corp., 814 A.2d 1098 (N.J. 2003) — 8

Matter of Marlene Inds. Corp (Carnac Textiles), 408 N.Y.S.2d 410 (NY 1978) — 8

Matter of Acting Superintendent of Schools of Liverpool Cent. School District, 399 N.Y.S.2d 189 (NY 1977) — 8

Matter of Waldron, 473 N.Y.S.2d 136 (NY 1984) — 8

SATCOM International Group, PLC v. ORBCOMM Int'l Partners, L.P., 49 F. Supp. 2d 331 (S.D.N.Y. 1999) — 12

Schubtex, Inc. v. Allen Snyder, Inc., 424 N.Y.S.2d 133 (NY 1979) — 8

| **Cases** | **Page** |
|---|---|
| Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co., 263 F.3d 26 (2nd Cir. 2001) | 6 |
| Stevenson v. Tyco Int'l (US) Inc. Supp'l Exec. Retirement Plan, 2006 WL 2827635 (S.D.N.Y. Sept. 29, 2006) | 13 |
| Tarulli v. Circuit City Stores, Inc., 333 F. Supp. 2d 151 (S.D.N.Y. 2004) | 12 |
| TNS Holdings, Inc. v. MKI Securities Corp., 680 N.Y.S.2d 891 (NY 1998) | 7 |
| Transit Mix Concrete Corp. v. Local Union No. 282, 809 F.2d 963 (2d Cir. 1987) | 8 |
| Vemics, Inc. v. Radvision, Ltd., 2007 WL 1459290 (S.D.N.Y. May 16, 2007) | 8 |
| Volt Information Sciences, Inc. v. Bd of Trustees of the Leland Stanford Jr Univ., 489 U.S. 468 (1989) | 6, 9 |
| Zarepta Chemical v. Solae, LLC, 2005 WL 4756407 (S.D.N.Y. Oct. 26, 2005) | 8 |

Leonard Benowich (LB-6129)
BENOWICH LAW, LLP
1025 Westchester Avenue
White Plains, New York 10604
(914) 946-2400

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

THOMAS DECHIARO,                                  08 Civ. 1199 (CLB)

                      Plaintiff,

    -against-

D&S CONSULTING, INC. and
STEVEN DECHIARO,

                      Defendants.

--------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS THE COMPLAINT AND COMPEL ARBITRATION**

**Preliminary Statement**

Plaintiff respectfully submits this memorandum of law in opposition to defendants' motion to dismiss the Complaint with prejudice and to compel arbitration of all claims asserted herein.

Defendants' motion must be denied for several reasons:

*First*, there is no reason offered or even suggested in the motion as a basis for dismissal of the Complaint - especially dismissal with prejudice. Defendants do not contend that this Court

lacks jurisdiction, and they do not contend that any of the claims asserted herein is meritless as a matter of law. Indeed, were this Court to grant the motion to dismiss - with prejudice - that very order would preclude any arbitration.

*Second*, the claims asserted in Counts I and II of the Complaint - for payment of a bonus in connection with Plaintiff's having raised substantial capital for defendant D&S Consulting, Inc. ("DSCI") - is outside the scope of the parties' Employment Agreement. Thus, the claims asserted in Counts I and II are outside the scope of the arbitration provision contained in §13.8 of the Employment Agreement.

Documentary evidence, in the form of an e-mail from defendant DeChiaro (plaintiff's brother and the Chairman of DSCI) to Plaintiff dated September 19, 2005, just a few days prior to the execution of the Employment Agreement on October 8, 2005, establishes that defendants expressly agreed to pay plaintiff an "investment bonus" for his work in bringing in investment capital, but insisted that "we keep this outside the base employment agreement." *See* Benowich Ex. 2. Accordingly, the parties expressly agreed - in an e-mail "signed" by Defendants - that the investment bonus would be outside the base Employment Agreement, and thus outside the scope of the arbitration clause contained therein.

*Third*, to the extent that the claims asserted in Counts III and IV of the Complaint - for breach of the Employment Agreement - are arbitrable, it is defendants, not plaintiff, who must commence that arbitration proceeding.

The arbitration clause in the Employment Agreement provides, *inter alia*, that:

> Except as provided in the preceding Section 13.7, any dispute or controversy <u>arising with respect to this Agreement and [Plaintiff's]</u>

> employment hereunder...shall, at the election of either [Plaintiff] or the Company, be submitted to JAMS/ENDISPUTE, or similar entity for resolution in arbitration in accordance with the rules of JAMS/ENDISPUTE, or similar entity.  Either party shall make such election by delivering written notice thereof to the other party at any time (but not later than forty-five (45) days after such party receives notice of the commencement of any administrative or regulatory proceeding or the filing of any lawsuit relating to any such dispute or controversy) and thereupon any such dispute or controversy shall be resolved in accordance with the provisions of this Section 13.8.  Any such proceedings shall take place in New Jersey before a panel of no less than three (3) arbitrators, pursuant to any streamlined or expedited arbitration process, before a non-judicial or judicial arbitrator, and in accordance with an arbitration process which, in the judgment of such arbitrator shall have the effect of reasonably limiting or reducing the cost of such arbitration.[Emphasis added.]

Arbitration is not mandatory.  Plaintiff was free, under the Employment Agreement, to commence this action, and he did so.  Defendants, on the other hand, are free to "elect" arbitration of such claims (Counts III and IV) as are otherwise arbitrable under the Employment Agreement.

Plaintiff has acted properly and permissibly under §13.8 of the Employment Agreement by commencing this action.  Defendants have the right to elect that any otherwise arbitrable disputes be resolved by arbitration.  To effectuate that right, defendants may commence an arbitration relating to Counts III and IV, at which time plaintiff will participate in the arbitration thereof.  Nothing in the Employment Agreement states that, once defendants elect to arbitrate

arbitrable disputes that plaintiff has asserted in court, it is plaintiff that must commence any arbitration proceeding elected by defendants. Under the Employment Agreement, defendants are free to commence an arbitration proceeding as to the claims asserted in Counts III and IV, and at such time plaintiff will participate therein and voluntarily withdraw Counts III and IV from this litigation, without prejudice.

## Background Facts; Procedural History

The facts relevant to the determination of this motion are set forth in the Complaint, a copy of which is annexed to the accompanying Declaration of Leonard Benowich (Benowich Ex. 1), the Employment Agreement (Shih Cert., Ex. A), and the e-mail dated September 19, 2005. (Benowich Ex. 2)

Plaintiff commenced this action on February 5, 2008. Shortly thereafter, defendants' counsel sent a letter demanding that plaintiff withdraw this action. *See* Shih Certification, Ex. B. Before plaintiff responded to that letter, defendants filed the instant motion.[1]

---

[1] The Notice of Motion fails to identify the rule or statute on which it is based. And, although the Motion purports to be one for dismissal of the Complaint - with prejudice - the Notice of Motion does not identify the basis for the motion (the Notice of Motion does not state that it is made under authority of Fed. R. Civ. P. 12, or any other provision of the Federal Rules), and the motion itself is unaccompanied by a copy of the Complaint, the pleading attacked on the motion.

Argument

Point I

THE EMPLOYMENT AGREEMENT DOES NOT CONTAIN
A MANDATORY ARBITRATION CLAUSE AND
COUNTS 1 AND II ARE NOT SUBJECT TO ARBITRATION

It is settled that whether the parties have entered into an agreement to arbitrate is to be determined by this Court, unless the agreement specifically provides that it is to be determined by the arbitrator. AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986); First Options of Chicago v. Kaplan, 514 U.S. 938 (1995); In re Salomon, Inc. Shareholders Derivative Litigation, 68 F.3d 554 (2nd Cir. 1995); Brown v. Miguens, 2003 WL 1090304, *2 (S.D.N.Y. March 11, 2003).

There is no such provision in the Employment Agreement. Accordingly, this Court should determine whether these parties have entered into an agreement that requires arbitration of all of the claims which have been asserted in this case.[2]

Although plaintiff concedes that Claims III and IV are subject to arbitration upon defendants' election, the parties also agreed that the claims asserted in Counts I and II arise

---

[2]Defendants' motion is styled as a motion to dismiss the Complaint, apparently on the grounds that in the arbitration clause in the Employment Agreement, the parties consented to allowing a court in New Jersey - where the arbitration is to take place - to enter judgment on any arbitration award. (Defendants' Mem., at 1)

There is no basis for a motion to dismiss the Complaint. Nothing in the arbitration provision divests or deprives this court of jurisdiction over this action. This Court has subject matter jurisdiction (indeed, it must have such jurisdiction in order to consider defendants' motion). This Court does have subject matter jurisdiction, certainly over these moving defendants, as there is plainly diversity of citizenship and more than $75,000.00 in controversy, and defendants do not challenge this court's jurisdiction.

outside the Employment Agreement, and thus are outside the scope of the arbitration clause contained therein. (Benowich Ex. 2)

To be arbitrable, any claim must "aris[e] with respect to this [Employment] Agreement." (Employment Agreement, §13.8) Counts I and II do not "aris[e]" from or with respect to the Employment Agreement and, thus, they are not arbitrable.

The Employment Agreement also provides that it is governed by New Jersey Law. (Employment Agreement, §13.1) Nevertheless, defendants assert that this motion should be governed by the Federal Arbitration Act. ("FAA") (Defendants' Mem., at 6-10) Defendants' argument ignores settled Supreme Court authority to the contrary and is wrong.

The Supreme Court has held that where, as here, the parties' agreement has a general choice of law provision, that choice of law is to be enforced, Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 468 (1989), and the chosen state law is not pre-empted by the FAA. *See also* Sphere Drake Ins. Ltd. v. Clarendon Nat. Ins. Co., 263 F.3d 26, 32 n.3 (2nd Cir. 2001).

The FAA was designed to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate. Volt, 489 U.S. at 474. "There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Id.* at 475, *see also, id.* at 478. "The Act, after all, does not mandate the arbitration of all claims, but merely the enforcement - upon the motion of one of the parties - of privately negotiated arbitration agreements." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985).

The Employment Agreement does not contain a mandatory arbitration provision. Rather, it contains an elective, or optional arbitration provision - and then only with respect to such claims as are within the scope of the parties' agreement to arbitrate. Plaintiff was free to commence this action, and plaintiff cannot be compelled to arbitrate a claim which is not within the scope of his agreement to arbitrate. Counts I and II of the Complaint are not within the scope of the arbitration clause contained in the parties' Employment Agreement.

It is a fundamental, and unremarkable, principle of New Jersey law that a party seeking arbitration - here defendants - has the burden of showing that the parties clearly, expressly and unequivocally agreed to arbitrate their disputes. Kanoff v. Better Life Renting Corp., 2008 WL 442145, *3 (D.N.J. Feb. 14, 2008):

> "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986) (citations omitted); *see also Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 868 F.2d 573, 576 (3d Cir.1989) (per curiam). "The question whether the parties have submitted a particular dispute to arbitration...is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise"; *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 183 (2002) (citations omitted).

The Kanoff Court expressly found that "New York's contract principles are similar to New Jersey's in the arbitration context." *Id.*, 2008 WL 442145, *4.[3] Bloom v. Jersey City Mun.

---

[3] Accordingly, *see* TNS Holdings, Inc. v. MKI Securities Corp., 680 N.Y.S.2d 891 (NY 1998):

-7-

Utilities Authority, 2008 WL 360986, *3 (D.N.J. Feb 8, 2008) ("Arbitrability is a matter of contract....To compel arbitration of a claim, a party seeking to arbitrate must demonstrate that the opposing party has contractually agreed to do so.")

The Supreme Court of New Jersey uses a two-part test to determine if a party has contractually agreed to arbitrate a claim. Leodori v. CIGNA Corp., 814 A.2d 1098, 1104, 1105 (N.J. 2003). *First*, the arbitration provision must reflect an unambiguous intention to arbitrate a claim. *Id.* at 1104. *Second*, the parties must have agreed to that provision. *Id.* at 1105.

In the absence of a clear agreement to do so, parties cannot be forced to arbitrate, *see* Vemics, Inc. v. Radvision, Ltd., 2007 WL 1459290 (S.D.N.Y. May 16, 2007), and an agreement to arbitrate requires a clear and unequivocal manifestation of an intention to arbitrate, because it involves the surrender of the right to resort to the courts. *See* Matter of Waldron, *supra*; Matter of

---

> It is settled that a party will not be compelled to arbitrate, and, thereby, to surrender the right to resort to the courts, absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes. The agreement must be clear, explicit and unequivocal and must not depend upon implication or subtlety.

Matter of Waldron, 473 N.Y.S.2d 136 (NY 1984); Schubtex, Inc. v. Allen Snyder, Inc., 424 N.Y.S.2d 133 (NY 1979); Matter of Marlene Inds. Corp (Carnac Textiles), 408 N.Y.S.2d 410 (NY 1978); Transit Mix Concrete Corp. v. Local Union No. 282, 809 F.2d 963, 967 (2d Cir. 1987)("[s]ince arbitration is a matter of contract...a party cannot be required to submit to arbitration any dispute which he has not agreed to submit").

See also Zarepta Chemical v. Solae, LLC, 2005 WL 4756407, *3 (S.D.N.Y. Oct. 26, 2005) (*"Arbitration is a matter of consent, not coercion. See EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (quoting Volt Information Sciences v. Board of Trs., 489 U.S. 468, 479 (1989))*. A party *"cannot be required to submit to arbitration any dispute which he has not agreed to submit." See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-84 (2002)"*).

Acting Superintendent of Schools of Liverpool Cent. School District, 399 N.Y.S. 2d 189 (NY 1977).

Even Federal law, were it applicable in this case, would not impose on plaintiff a duty to arbitrate Counts I and II. "[F]ederal law 'does not require parties to arbitrate when they have not agreed to do so'; it simply requires courts to enforce an arbitration clause, like any other contract clause, in accordance with its terms.' [*Citing* Volt, *supra*, 498 U.S. 468, 478]. '[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Id.*, *quoting* Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 27 (2nd Cir. 1995).

In this case, Counts I and II are not arbitrable because the parties did not agree to arbitrate any claims arising out of defendants' failure to pay plaintiff the agreed-upon fee ($975,000) for his having raised more than $27,000,000 of investment capital for DSCI. Count I seeks to recover damages for breach of a promise to pay plaintiff an agreed-upon fee for having arranged for investors to invest substantial sums in Defendant DSCI. Count II asserts a claim for unjust enrichment relating to the same circumstances.

DSCI's promise to pay plaintiff the $975,000 fee due for his having raised more than $27,000,000 of investor capital is not set forth anywhere in the Employment Agreement. Although defendants argue that plaintiff's duties as Group President included a duty to find and secure "business" opportunities for DSCI (Defendants' Mem., at 2), that language belongs to Defendants' counsel, *id.*, but it is not to be found in the Employment Agreement. Nothing in the

Employment Agreement makes plaintiff responsible for raising, or even obligates him to try to seek or obtain, investment capital for DSCI.[4]

Moreover, defendants' promise to pay plaintiff a bonus or fee in connection with these services was expressly excluded from the parties' Employment Agreement. In his email dated September 19, 2005, defendant DeChiaro - Chairman of DSCI - wrote plaintiff that defendants agreed to pay the investment bonus, but wanted to keep that part of their arrangement outside the scope of the Employment Agreement:

> [Steve DeChiaro] Ok on investment bonus, but we keep this outside the base employment agreement.

(Benowich Ex. 2) Defendants' attempt to argue that the Employment Agreement's standard, limited integration clause[5] nevertheless included this expressly-excluded matter is disingenuous, at best. The integration clause in *haec verba* is limited to the "subject matter of th[at] Agreement" - the Employment Agreement. *See e.g.* DeSola Group, Inc. v. Coors Brewing Co., 605 N.Y.S.2d 83 (1st Dep't 1993) (forum selection clause contained within a marketing research agreement did not govern a separate oral agreement for the provision of marketing services); Kreiss v. McCown DeLeeuw & Co., 37 F. Supp. 2d 294, 301 (S.D.N.Y. 1999) (agreement which is silent on the matter involved in the litigation did not supercede prior term sheet).

---

[4] The Employment Agreement provides that plaintiff "shall serve as the Company's president of Commercial Products Group" and "shall be principally responsible for the Company's commercial Business Development." (Employment Agreement, §§2.1; 2.3)

[5] "This Agreement, including Appendix A, sets forth the entire agreement and understanding of the parties hereto <u>relating to the subject matter of this Agreement</u> and supersedes all prior agreements, arrangements and understandings written or oral, between the parties." (Emphasis added.)

For these reasons, defendants' motion to compel arbitration of plaintiff's claims asserted in Counts I and II must be denied in all respects.

## Point II

### EVEN IF COUNTS III AND IV ARE SUBJECT TO ARBITRATION, DEFENDANTS MUST COMMENCE THAT ARBITRATION

The arbitration clause in the Employment Agreement does not require plaintiff to initiate arbitration of the claims he has asserted in Counts III and IV.

The Employment Agreement allows plaintiff to have commenced this action, but confers on defendants a right to elect arbitration of otherwise arbitrable claims.

Although plaintiff concedes that Counts III and IV are arbitrable, the language of the Employment Agreement requires that defendants (as the parties electing arbitration) and not plaintiff, commence any such arbitration proceeding.

The arbitration clause in the Employment Agreement provides that where a party has commenced a court proceeding and the other party (here defendants) desires to elect arbitration, it has the right to do so. But that right to elect arbitration does not confer on defendants the right to compel plaintiff to commence such an arbitration; the Employment Agreement only obligates plaintiff to participate in such arbitration. The arbitration clause requires the party seeking arbitration to commence that proceeding. Defendants have not yet commenced any such arbitration.

The Employment Agreement plainly provides for permissive, not mandatory, arbitration. Any otherwise arbitrable dispute:

> ...shall, at the election of either [Plaintiff] or the Company, be submitted to JAMS/ENDISPUTE, or similar entity for resolution

>in arbitration in accordance with the rules of JAMS/ENDISPUTE,
>or similar entity....

Such a provision does not mean that defendants, on their election to arbitrate, may compel plaintiff to commence the arbitration proceeding. It is defendants who, under the Employment Agreement, must commence the arbitration if they so desire. *See e.g.* HSBC Bank USA v. National Equity Corp., 719 N.Y.S.2d 20 (1st Dep't 2001) (agreement provided that lender had the right to elect arbitration, "by so electing the lender is not thereby required to submit all disputes between the parties to arbitration"); Brown, *supra*; SATCOM International Group, PLC v. ORBCOMM International Partners, L.P., 49 F. Supp. 2d 331 (S.D.N.Y. 1999).

In SATCOM International Group, PLC, *supra*, the parties' agreement allowed either party to elect arbitration. *Id.*, at 334 (emphasis added). Judge Cote recognized that this language conferred on the parties an option to elect arbitration, but not a duty to arbitrate. *Id.*, at 338.

### Point III

### LITIGATION OF COUNTS I AND II SHOULD NOT BE STAYED PENDING ARBITRATION OF COUNTS III AND IV

In Point II of their Memorandum, Defendants argue that this Court should "stay" the litigation of whatever claims are not required to be arbitrated. (Defendants' Mem., at 10-12)

There is no basis for such a request. As even the case cited in their Memorandum makes plain, a court may stay litigation of a claim that is subject to arbitration, *see* Tarulli v. Circuit City Stores, Inc., 333 F. Supp. 2d 151, 155 (S.D.N.Y. 2004). But this Court has no justification,

and there certainly is no other reason, for staying litigation of a claim which is not otherwise arbitrable. *Id.*[6]

Defendants cite <u>Dean Witter Reynolds, Inc. v. Byrd</u>, *supra*, for the proposition that this Court should stay litigation of Counts I and II - even if they are not arbitrable. (Defendants' Mem., at 12, n2) But that case - indeed, even the portion quoted by Defendants - is authority for precisely the opposite point. "The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is "piecemeal" litigation." *Id.*, 470 U.S. at 221. That Court also stated that the FAA "requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even when the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Id.*, 470 U.S. at 217. <u>Stevenson v. Tyco International (US) Inc. Supplemental Executive Retirement Plan</u>, 2006 WL 2827635 (S.D.N.Y. Sept. 29, 2006).

The fact that the Supreme Court could contemplate piecemeal resolution of claims - some by arbitration (where subject to an agreement to arbitrate) and some by litigation (in the absence of such an agreement) - demonstrates that there is no legitimate reason for this Court to stay the litigation and resolution of non-arbitrable claims. Parties are free to include - or to exclude - claims from any agreement to arbitrate. *See* <u>HSBC Bank USA v. National Equity Corp.</u>, *supra*.

---

[6] Defendants also mistakenly rely on the FAA to support their request for a stay.
But 9 U.S.C. §3, even if it were applicable, provides only for a stay of the issue or claim referable to arbitration.

In <u>Genesco, Inc. v. T. Kakiuchi & Co., Ltd.</u>, 815 F.2d 840, 856 (2nd Cir 1987), the Court stated that broad stay orders might be appropriate "if the arbitrable claims predominate the lawsuit and the nonarbitrable claims are of questionable merit."

But defendants make no effort to show, nor could they show, that the claims asserted in Counts I and II are of questionable merit. Certainly, where the claims in this case do not even arise under the same documents or agreements and the proof of Counts I and II will not be dependent on the proof offered on the breach of Employment Agreement claims in Counts III and IV, a stay of the litigation and resolution of Claims I and II furthers no interest other than defendants' interest in delaying the resolution of claims which are not subject to arbitration.

### Conclusion

Defendants' motion should be denied in all respects. Defendants should be directed to: (a) answer Counts I and II of the Complaint and, if they so desire, (b) commence an arbitration proceeding with respect to the claims asserted in Counts III and IV of the Complaint.

Dated: March 10, 2008                                    **BENOWICH LAW, LLP**

                                                         By:/s/_____
                                                         Leonard Benowich (LB6129)
                                                         **Attorneys for Plaintiff**

S:\Main Files\DECHIARO, thomas\LITIGATION\arbitration motion\opposition memorandum.wpd