# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X

| | |
|---|---|
| THOMAS DECHIARO, : | Civil Action No. 08 CIV 1199 : (BRIEANT) |
| Plaintiff, : | |
| vs. : | |
| D&S CONSULTANTS, and : STEVEN DECHIARO, : | |
| Defendants. : | |

-----------------------------------------------X

===================================================

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS AND COMPEL ARBITRATION

===================================================

WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091
Attorneys for Defendants
D&S Consultants, Inc., and Steven
DeChiaro

WILLARD C. SHIH, ESQ.
  Of Counsel and On the Brief

DONALD E. TAYLOR, ESQ.
ROBERT L. SELVERS, ESQ.
  On the Brief

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT............................................................................... 1

POINT I............................................................................................................... 2

    AS PLAINTIFF DOES NOT DISPUTE THAT THE
    ARBITRATION PROVISION APPLIES TO COUNTS III
    AND IV OF HIS COMPLAINT, THOSE COUNTS SHOULD
    BE DISMISSED AND REFERRED TO ARBITRATION. .......................... 2

POINT II .............................................................................................................. 4

    COUNTS I AND II ARE ALSO SUBJECT TO THE
    ARBITRATION PROVISION, AS THEY ARISE OUT OF
    PLAINTIFF'S EMPLOYMENT WITH DSCI. ............................................ 4

CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## CASES

Alamo Rent A Car, Inc. v. Galarza,
    306 N.J. Super. 384 (1997) ...................................................................... 6

Borough of Princeton v. County of Mercer,
    333 N.J. Super. 310 (App. Div. 2000) .................................................. 7

Erie Railroad Co. v. Tompkins,
    304 U.S. 64 (1938) ................................................................................... 5

Galli v. Mertz,
    973 F.2d 145 (2d. Cir. 1992) .................................................................. 7

Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary LP,
    207 F.Supp.2d 570 (N.D.Tex. 2002) ....................................................... 7

In re Metromedia Fiber Network, Inc.,
    335 B.R. 41 (Bkrtcy. S.D.N.Y. 2005) ................................................... 7

J. Baranello & Sons, Inc. v. Davidson & Howard Plumbing & Heating, Inc.,
    168 N.J. Super. 502 (App. Div. 1979) ............................................... 5, 6

Oldroyd v. Elmira Savings Bank, FSB,
    134 F.3d 72 (2d Cir. 1998) .................................................................... 6

## STATUTES

N.J.S.A. 2A:24-1 ............................................................................................ 5

## PRELIMINARY STATEMENT

Defendants D&S Consultants, Inc. ("DSCI") and Steven DeChiaro ("Mr. DeChiaro") (together, "Defendants") submit this Reply Memorandum of Law in further support of their Motion to Dismiss plaintiff Thomas DeChiaro's ("Plaintiff") Complaint and Compel Arbitration.

Plaintiff concedes that Counts III and IV of his Complaint are arbitrable at the election of either party, and concedes that the New Jersey courts were selected by the parties to address issues related to the arbitration. Thus, all that is left for this Court to determine is whether Counts I and II of Plaintiff's Complaint -- the business development "side deal" which plainly arises out of Plaintiff's employment with DSCI -- should be referred to arbitration in accordance with the broad arbitration provision agreed to by the parties, or should proceed as a parallel litigation. In advocating multiple litigations, Plaintiff proffers an unduly narrow and restrictive interpretation of the arbitration provision, which interpretation is belied by the plain language of the arbitration provision and denounced by the applicable law. Accordingly, Counts I and II of Plaintiff's Complaint pertain to actions undertaken by Plaintiff that plainly arose out of his employment with DSCI (whether under an alleged "side deal" or not), and the arbitration provision provides that disputes arising out of Plaintiff's employment are arbitrable at the

election of either party, Counts I and II of Plaintiff's Complaint should be dismissed and referred to arbitration along with Counts III and IV.

## LEGAL ARGUMENT

### POINT I

**AS PLAINTIFF DOES NOT DISPUTE THAT THE ARBITRATION PROVISION APPLIES TO COUNTS III AND IV OF HIS COMPLAINT, THOSE COUNTS SHOULD BE DISMISSED AND REFERRED TO ARBITRATION.**

Plaintiff "concedes that Counts III and IV are arbitrable." (Plaintiff's Opposition, p. 11). To justify Plaintiff's refusal to submit these Counts to arbitration following Defendants' election under the Agreement, Plaintiff claims that it was somehow _Defendants'_ obligation to commence an arbitration proceeding asserting _Plaintiff's_ claims. Plaintiff's argument is flatly contradicted by the specific terms of the arbitration provision, and logic.

Pursuant to the arbitration provision set forth in the Agreement:

> … any dispute or controversy arising with respect to this Agreement and [Plaintiff's] employment hereunder (whether based on contract or tort or upon any federal, state or local statue …) shall, **at the election** of either [Plaintiff or DSCI], be submitted to JAMS/ENDISPUTE, or similar entity for resolution in arbitration in accordance with the rules and procedures of JAMS/ENDISPUTE, or similar entity. Either party shall **make such election by delivering written notice** thereof to the other party at any time (but **not later than forty-five (45) days after such party receives notice of … the filing of any lawsuit relating to any such dispute or**

> **controversy**) and thereupon any such dispute or
> controversy shall be resolved **only** in accordance with the
> [arbitration] provision …

(Shih Cert, Exh. A, ¶ 13.8) (emphasis added).    Therefore, based on the plain

language of the arbitration provision, Defendants' election to have Plaintiff's

claims heard through arbitration was triggered upon Plaintiff's filing of this action.

Thus, Defendant's were only obligated to <u>elect</u> to have Plaintiff's claims arbitrated,

the natural consequence being that Plaintiff, to the extent that he wished to

continue to pursue his claims, would be compelled to do so through arbitration.

There is no additional requirement in the arbitration provision that Defendants -- as

the electing party -- must then file <u>Plaintiff's</u> claims on Plaintiff's behalf.    Such a

requirement would be illogical.

    As Defendants duly elected to have Plaintiff's claims arbitrated, such claims

should be dismissed and Plaintiff should pursue the claims in arbitration if he so

chooses.

## POINT II

### COUNTS I AND II ARE ALSO SUBJECT TO THE ARBITRATION PROVISION, AS THEY ARISE OUT OF PLAINTIFF'S EMPLOYMENT WITH DSCI.

Plaintiff contends that "the claims asserted in Counts I and II of the Complaint – for payment of a bonus in connection with Plaintiff's [sic] having raised substantial capital for defendant D&S Consulting, Inc. ("DSCI") – is [sic] outside the scope of the parties' Employment Agreement" and are, therefore, not subject to arbitration. (Plaintiff's Opposition, p. 2). In so asserting, Plaintiff has missed the mark, as the issue is not whether the claims are "outside of the scope of the parties' Employment Agreement", but rather whether the claims "aris[e] with respect to [Plaintiff's] employment hereunder." The arbitration provision specifically encompasses "any dispute or controversy arising with respect to this Agreement and [Plaintiff's] employment hereunder" with DSCI, thereby specifically addressing disputes that arise regarding Plaintiff's employment that are not necessarily set forth in his Employment Agreement. Such is the case pertaining to Plaintiff's alleged business development side deal, or "investment bonus" as Plaintiff has termed it.

In support of his contention, Plaintiff has provided the Court with an email that Plaintiff claims demonstrates that Plaintiff's alleged side deal for an investment bonus with Defendant constituted a separate agreement between

-4-

Plaintiff and DSCI.  See (Declaration of Leonard Benowich, dated March 10, 2008

("Benowich Decl."), Exh. 2).    The email (which, for some reason, Plaintiff's

counsel purports to authenticate) demonstrates that although any alleged side deal

for an investment bonus was being negotiated outside the terms of the Agreement,

it was clearly being discussed in the context of Plaintiff's employment with DSCI.

When the arbitration provision is accorded the judicially-required "broad"

interpretation, it is apparent that Plaintiff's claims that pertain to this alleged

investment bonus issue "arise out of" Plaintiff's employment with DSCI and are

covered by the arbitration provision.[1]  See Oldroyd v. Elmira Savings Bank, FSB,

---

[1] Plaintiff remarks that the choice of law provision in the Agreement compels this
Court to consider New Jersey state law in determining whether this matter should
be referred to arbitration.  Without belaboring the point, Plaintiff's analysis is
incorrect.  For issues pertaining to substantive law, New Jersey law shall apply.
However, where, as here, a procedural issue is before the Court, Federal law is
applicable.  See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).  Thus, the law
set forth by Defendants in their moving papers, which requires a broad
interpretation of the arbitration provision thereby subjecting Counts I and II of
Plaintiff's Complaint to arbitration, is applicable.

   On the other hand, even were this Court to consider New Jersey law rather
than Federal law in determining how to apply the arbitration provision in the
Agreement, the Court would still be compelled to reach the same result and refer
Plaintiff's Complaint in its entirety to arbitration.  As set forth in N.J.S.A. 2A:24-1,
an arbitration clause in a contract is valid, enforceable, and irrevocable.  In
addition, the law of New Jersey establishes that arbitration is the favored form of
relief and that contracts should be enforced as made by the parties.  See J.
Baranello & Sons, Inc. v. Davidson & Howard Plumbing & Heating, Inc., 168 N.J.
Super. 502, 507 (App. Div. 1979) ("an agreement relating to arbitration should be
read liberally 'to find arbitrability if reasonably possible'")(citations omitted).
(cont'd on next page...)

134 F.3d 72, 76 (2d Cir. 1998) (The Second Circuit "'construe[s] arbitration clauses as broadly as possible', resolving 'any doubts concerning the scope of arbitrable issues [is resolved] in favor of arbitration'"). Therefore, while Plaintiff's alleged investment bonus side deal is alleged to constitute a separate agreement, it was contemplated and negotiated in connection with Plaintiff's employment with DSCI, is covered by the arbitration provision in the Agreement, and any claims arising therefrom should be referred to arbitration as well.

Moreover, the overly narrow interpretation that Plaintiff proffers runs contrary to basic contract law. By claiming that only disputes "arising with respect to th[e] Agreement" are arbitrable, Plaintiff reads the "… and [Plaintiff's] employment hereunder" language right out of the Agreement. Such a restrictive interpretation is unwarranted. See Borough of Princeton v. County of Mercer, 333

---

Under Alamo Rent A Car, Inc. v. Galarza, 306 N.J. Super. 384 (1997), all that is required to compel arbitration is "any dispute" language in the arbitration clause, meaning, that the arbitration clause must be sufficiently broad to include "any dispute" as set forth in the arbitration clause. Id. at 394; see also J. Baranello & Sons, Inc., supra, 168 N.J. Super. at 507 (arbitration provision encompassing "[a]ll claims, disputes and other matters arising out of or related to the contract" was read broadly, thereby compelling Plaintiff's claims be arbitrated). The "any dispute" language the court was looking for in the Alamo case is clearly stated in the arbitration provision of the Agreement, as Paragraph 13.8 states that "**any dispute** or controversy arising with respect to this Agreement and [Plaintiff's] employment hereunder …" shall be subject to arbitration. (Shih Cert., Exh. A, ¶ 13.8) (emphasis added).

N.J. Super. 310, 325 (App. Div. 2000) (A contract "must be read as a whole, without artificial emphasis on one section ..."); see also Galli v. Mertz, 973 F.2d 145, 149 (2d. Cir. 1992) ("[A]n interpretation of a contract that has the 'effect of rendering at least one clause superfluous or meaningless ... is not preferred ...'") (citations omitted); In re Metromedia Fiber Network, Inc., 335 B.R. 41 (Bkrtcy. S.D.N.Y. 2005) ("'The law prefers an interpretation which gives effect to all parts of the contract rather than one which leaves a portion of the contract ineffective or meaningless'") (citation omitted); Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary LP, 207 F.Supp.2d 570 (N.D.Tex. 2002) (In construing contractual provisions, it is the Court's purpose to give "effect to all the provisions of the contract so that none will be rendered meaningless").

## CONCLUSION

For the foregoing reasons, Defendants request that their motion to dismiss and compel arbitration should be granted, or, in the alternative, that the matter should be stayed pending arbitration of the parties' disputes.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Defendants

By /s/ _____
    WILLARD C. SHIH
    For the Firm

Dated: March 14, 2008